UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MIDSOUTH SB III, LLC

VERSUS

MALL OF LOUISIANA, LLC, ET AL.

CIVIL ACTION NO.

19-483-JWD-EWD

## **NOTICE AND ORDER**

On July 23, 2019, plaintiff, Midsouth SB III, LLC ("Plaintiff") filed a Complaint (the "Complaint") against Mall of Louisiana, LLC ("Mall of Louisiana"); General Growth Properties, Inc. ("General Growth"); and Brookfield Properties Retail Inc. ("Brookfield").[1] Plaintiff contends that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Although Plaintiff adequately alleges that General Growth is "a corporation organized and existing under the laws of Delaware with its principal place of business located in Illinois,"[2] and that Brookfield is "a corporation organized under the laws of the State of Delaware with its principal place of business located in Illinois,"[3] the Complaint does not include sufficient allegations of Plaintiff's or Mall of Louisiana's citizenship.[4]

The Fifth Circuit has "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'"[5] To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability

---

[1] R. Doc. 1.

[2] R. Doc. 1, ¶ 5.

[3] R. Doc. 1, ¶ 6.

[4] Plaintiff also alleges that the "amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs." R. Doc. 1, ¶ 1.

[5] *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir. 1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference)). *See also*, *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil*, 841 F.2d at 1259).

company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[6] The same requirement applies to any member of a limited liability company which is also a limited liability company.[7] This Court has previously found that an allegation that the sole member of a limited liability company was itself comprised of ten members each domiciled in Texas insufficient to establish complete diversity.[8] While such allegation was phrased in the affirmative (*i.e.*, it did not phrase the members' citizenship as "not Louisiana"), the allegation was insufficient because it did not "distinctly list the ten members" of the limited liability company and set forth each member's citizenship.[9]

Here, Plaintiff alleges that it is a limited liability company whose "members are Mississippi residents"[10] and that Mall of Louisiana is a limited liability company whose "members are Illinois

---

[6] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[7] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[8] *Nunez v. ACE American Ins. Co.*, Civil Action No. 17-1593, 2017 WL 6997341, at * 5 (M.D. La. Dec. 28, 2017), *report and recommendation adopted*, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

[9] *Id*. at * 4 ("Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary.") (citing *Cavender Enterprises Leasing Family, LLC v. First States Investors 4200 LLC*, Civil Action No. 10-1667, 2011 WL 3664563, at * 1 & 3 (W.D. La. July 21, 2011) (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, Civil Action No. 3:15-2694, 2015 WL 12731754, at * 1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, Civil Action No. 3:14-2552, 2015 WL 2212344, at * 3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."); *Gabler v. HA Housing, LP*, Civil Action No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity.").

[10] R. Doc. 1, ¶ 3.

residents."[11] Such allegations are insufficient in the first instance because Plaintiff does not distinctly list each member of the respective limited liability company. Moreover, to the extent each distinct member of Plaintiff or Mall of Louisiana is an individual, "[f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."[12]

As subject matter jurisdiction is based on diversity of citizenship, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[13] Accordingly,

**IT IS HEREBY ORDERED** that on or before **August 1, 2019**, Midsouth SB III, LLC shall file a comprehensive Amended Complaint that adequately alleges the citizenship of Plaintiff and Mall of Louisiana, LLC.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on July 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 1, ¶ 4.

[12] *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

[13] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").